ORIGINAL

FORM 2
COVER SHEET

RECEIVED
MAR 2 0 2007
OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

# In The United States Court of Federal Claims

## Cover Sheet

Plaintiff(s) or Petitioner(s) Westech International, Inc.

07-186 C

If this is a multi-plaintiff case, pursuant to RCFC 20(a), please attach an alphabetized numbered list of all plaintiffs.

Name of the attorney of record (See RCFC 83.1(c)): CAROLYN CALLAWAY

Firm Name: CAROLYN CALLAWAY, P.C.

Post Office Box: P.O. Box 50099

Street Address: 1428 Catron Ave SE (87123)

City-State-Zip: Albuquerque NM 87181-0099

Telephone & Facsimile Numbers: 505-291-9774 FAX 505-292-[redacted]0144

Is the attorney of record admitted to the Court of Federal Claims Bar? ☒ Yes ☐ No

Does the attorney of record have a Court of Federal Claims ECF account? ☒ Yes ☐ No
If not admitted to the court or enrolled in the court's ECF system, please call (202) 357-6402 for admission papers and/or enrollment instructions.

Nature of Suit Code: 1 4 0
Select only one (three digit) nature-of-suit code from the attached sheet and if numbers 118, 134, 226, 312, 356, or 528 are used, please explain.

Agency Identification Code: D O E
See attached sheet for three-digit codes.

Amount Claimed: $ ____________
Use estimate if specific amount is not pleaded.

Disclosure Statement:
Is a RCFC 7.1 Disclosure Statement required? ☒ Yes ☐ No
If yes, please note that two copies are necessary.

Bid Protest:
Indicate approximate dollar amount of procurement at issue: $ 22 million
Is plaintiff a small business? ☒ Yes ☐ No

Vaccine Case:
Date of Vaccination: ____________

Related Cases:
Is this case directly related to any pending or previous case? ☒ Yes ☐ No
If yes, you are required to file a separate notice of directly related case(s). See RCFC 40.2.

ORIGINAL

FILED
MAR 2 0 2007
U.S. COURT OF FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

| | |
|---|---|
| WESTECH INTERNATIONAL, INC., Plaintiff | No. 07-186 C |
| THE UNITED STATES, Defendant. | Judge |

## POST-AWARD PROCUREMENT PROTEST COMPLAINT

Plaintiff, Westech International, Inc. ("Westech"), by and through counsel, states for its complaint against the United States Government as follows:

### Jurisdiction

1. This is a post-award bid protest over which this Court has jurisdiction pursuant to 29 USC § 1491(b). Plaintiff seeks declaratory and injunctive relief against the United States acting by and through the United States Department of Energy ("DOE") in the award of a contract.

### Nature of the Action

2. Plaintiff seeks (a) to enjoin the performance of a contract awarded to PAI Corporation, 116 Milan Way, Oak Ridge, Tennessee 37830-6913 ("PAI") under Solicitation No. DE-RP52-05NA99344 ("Solicitation") because the award was based on an evaluation that lacks a rational basis, was arbitrary and capricious and in violation of the Competition in Contracting Act, and Westech was prejudiced thereby, (b) to compel

DOE to reevaluate the proposals, and (3) award Westech costs and fees, including those incurred in the preparation of its bid, in accordance with the law.

The Parties

3. Plaintiff Westech, a New Mexico corporation, is a small HUBZone, and woman-owned business and at the time of proposal submittal was a certified small disadvantaged business. Westech was an offeror under the Solicitation and was selected for the final competitive range. Westech's final offer was the lowest offer received by DOE under the Solicitation's final round of offers. Westech is an interested party entitled to challenge the award pursuant to 28 USC §1491(b). Westech will suffer irreparable injury in the form of loss of profits if the Defendant is not enjoined from performance under the contract.

4. Defendant is the United States of America, acting by and through the United States Department of Energy.

Factual Allegations

5. DOE through the National Nuclear Security Administration ("NNSA") Service Center issued as a small business set-aside Solicitation No. DE-RP52-05NA99344 on or about April 18, 2005. The Solicitation was amended three times. The Solicitation sought offers for Security Systems Services for NNSA's Nevada Site Office ("NSO") to perform Vulnerability Assessments, support Operational Security Assessments, and other related activities. The resulting contract was to be of a cost plus fixed fee type for a three-year base period with two one-year options. The Solicitation announced that one award would be made to the responsible Offeror whose proposal was responsive to the Solicitation and who was determined to be the best value to the Government. The Solicitation listed four evaluation criteria in descending order of importance: Key

Personnel, Technical Capability, Past Performance, and Cost. Cost was noted as significantly less important than criteria 1 through 3. The Solicitation stated in M.04 (Amendment 0003) that "There are no subcriteria."

6. Westech submitted a timely proposal in July 2005. NNSA conducted discussions and established a competitive range in September 2006. Westech was included in the competitive range and timely submitted the requested revised proposal. On November 2, 2006, NNSA requested additional information from several Offerors. Westech submitted its Final Proposal Revision on or about November 9, 2006.

7. On December 6, 2006, NNSA notified Westech that award had been made to PAI and provided a copy of NNSA's evaluation of Westech's proposal.

8. Westech timely requested a debrief pursuant to 48 CFR §15.506. NNSA scheduled the debrief for January 31, 2007, and it was conducted on that date.

9. NNSA rated Westech's Key Personnel (Evaluation Criteria 1) as Excellent, Technical Capability (Evaluation Criteria 2) as Good and Past Performance (Evaluation Criteria 3) as Excellent. NNSA then rated Westech's proposal as a whole as Good.

10. NNSA rated Westech's Key Personnel Program Manager ("PM") as "Neither Strength nor Weakness" because although he had extensive experience in Vulnerability Assessments, OPSEC, Security Classification, Classified Matter staffing and administrative support, he did not have experience in physical fitness training, pass and badging, and other security support. Based on this, NNSA found that the proposed PM had "extensive managerial experience but limited technical experience and technical expertise." Although the Solicitation stated that there were no subcriteria, NNSA's written evaluation of Westech's proposal noted that the Program Manager was "significantly more important than any other key personnel."

11. NNSA rated Westech's Technical Approach (Subcriteria 1 under Criteria 2: Technical Capability) as a "Significant Weakness" stating that "Westech's approach to VAs could compromise the role of the Federal personnel in providing independent oversight of the contractor." Westech's proposal contained the following statement: "Federal participation in the [working group] is desirable and optional, and would be limited in order to maintain clear boundaries between operational and oversight responsibilities . . . . " NNSA further stated that "Westech's proposed labor mix in its staffing plan is not adequate for accomplishing this SOW element. Furthermore, Westech did not clearly explain its proposed deviation to the Government estimate for four SOW elements which could adversely affect performance of these SOW elements." Westech's proposal was based on Westech's successful experience on other contracts minimizing staffing by cross-training employees and this was explained in Westech's proposal.

12. Westech's final proposed cost (including fee) was $3.4 million lower than PAI's final proposed cost and fee.

13. NNSA conducted a probable cost analysis of Westech's final proposed cost and increased Westech's final proposed cost by $2.8 million. After this adjustment, Westech was still the lowest offeror in the final competitive range and $0.6 million lower than PAI. NNSA's probable cost adjustment to Westech's final proposed cost included the addition of 2.5 full-time equivalent personnel ("FTE"), the substitution of a subject matter expert for an administrative position, and escalating wages for Service Contract Act ("SCA") positions at Westech's exempt personnel escalation factor. In addition, NNSA escalated subcontractor SCA positions at 3% even though the subcontract provided fixed hourly rates.

Claims for Relief

Count 1

**DOE/NNSA's Evaluation of Westech's Proposal was Arbitrary, Capricious, and Without a Rational Basis**

14. Paragraphs 1 through 13 are incorporated by reference as if set forth herein.

15. NNSA arbitrarily, capriciously, and without a rational basis reduced Westech's technical score because NNSA failed to read the text set out in paragraph 11 above which explained both that Federal participation in working groups was optional and that Federal participation would be limited to avoid compromise.

16. NNSA both reduced Westech's technical score for what NNSA believed was inadequate staffing and increased Westech's probable cost to provide additional staffing, adding 2.5 FTE and substituting a subject matter expert for an administrative position. This was arbitrary, capricious, and irrational. At the higher probable cost, Westech would have provided the level of personnel NNSA believed appropriate and therefore the technical proposal should not have been downgraded on the basis of staffing. Conversely, if the technical proposal was downgraded to Good because of staffing concerns, then the estimated costs to support that staffing should have remained as proposed. If NNSA had rationally assessed this staffing issue then Westech's proposal would have formed the best value to the government under any reasonable evaluation.

17. NNSA arbitrarily, capriciously and irrationally increased Westech's probable cost by assuming that Westech would provide raises to its personnel covered by the Service Contract Act at the same rate as it increases salaries of exempt personnel. There was no rational basis for this assumption.

18. NNSA arbitrarily, capriciously and irrationally increased Westech's subcontractor's probable cost by applying a 3% escalation to positions covered by the Service Contract Act even though those positions were proposed at a fixed rate per hour. There was no rational basis for the use of a 3% escalation factor for positions covered by a Wage Determination.

19. NNSA arbitrarily, capriciously and irrationally evaluated Westech's Program Manager.

20. NNSA failed to fairly and impartially evaluate Westech's proposal and thus Westech's ranking was arbitrary, capricious, and lacked a rational basis and Westech was prejudiced thereby.

Count 2

**DOE/NNSA Failed to Evaluate Proposals in accordance with the Published Evaluation Criteria**

21. Paragraphs 1 through 20 are incorporated by reference as if set forth herein.

22. The Competition in Contracting Act requires at 41 USC §253b(a) that agencies evaluate proposals and make awards based solely on the factors specified in the solicitation. 41 USC §253a(b) requires that solicitations include a statement of all significant factors and significant subfactors and the relative importance assigned to each of those factors and subfactors. The Solicitation noted four factors (criteria) and stated that there were no subfactors (subcriteria). Disregarding the stated evaluation plan, NNSA assigned a greater weight to the Program Manager than to the other Key Personnel without publishing this change. NNSA may have similarly weighted the subcriteria in Technical Capability. Such weighting of subcriteria violates the Competition in Contracting Act and Westech was prejudiced thereby.

Request for Relief

Wherefore, plaintiff respectfully requests that this Court:

1. Find that DOE/NNSA's award of a contract under the Solicitation to PAI was arbitrary, capricious, an abuse of discretion, and not in accordance with the law.
2. Permanently enjoin PAI's performance of the contract.
3. Direct DOE/NNSA to reevaluate offers under the Solicitation and make a new award decision which conforms to the facts and the law.
4. Grant plaintiff costs and fees incurred in pursuing this action to the extent permitted under law and its bid and proposal expenses incurred in responding to the Solicitation.
5. Grant plaintiff such other and further relief as this Court deems just and proper.

Respectfully submitted,

Carolyn Callaway

Carolyn Callaway, Attorney for
Westech International, Inc.
CAROLYN CALLAWAY, P.C.
P.O. Box 50099
Albuquerque, NM 87181-0099
(505) 291-9774
(505) 292-0144 – facsimile
ccwes@aol.com

Dated: March 19, 2007