**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **WESTECH INTERNATIONAL, INC.,** | ) | |
| **Plaintiff** | ) | |
| | ) | **No. 07-186C** |
| | ) | **(Judge Sweeney)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**
**and**
**MOTION TO STRIKE DECLARATION AND SECTION V OF DEFENDANT'SMOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

On June 4, 2007, Defendant filed its Motion for Judgment upon the Administrative Record and Response to Plaintiff's Motion for Judgment on the Administrative Record ("Defendant's Response" or "Def. Resp.") Contained within Defendant's Response at page 30, footnote 13, is Defendant's motion to "supplement the administrative record with a declaration from Patricia M. Bodin." Attached to Defendant's Response is a five page "Declaration of Patricia M. Bodin" dated May 31, 2007. Defendant's Response, Section V (pages 29-34), presented an argument relying solely on information from Ms. Bodin's Declaration.

Plaintiff opposes supplementation of the administrative record and moves this Court to strike Ms. Bodin's Declaration and Section V of Defendant's Response. In support thereof, Plaintiff states:

The Rules of the Court of Federal Claims identify the contents of the Administrative Record. RCFC, Appendix C, ¶22. "Generally, 'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" Protection Strategies, Inc. v. United States, 76 Fed. Cl. 225, __ (2007) *quoting* Camp v. Pitts, 411 U.S. 139, 142, 93 S.Ct. 1241, 36 L.Ed. 2d 106 (1973). A court may consider evidence outside the administrative record in limited situations, such as those described in Esch v. Yeutter, 876 F.2d 976 (D.C. Cir. 1989). Esch notes eight exceptions to the rule that review must be limited to the administrative record. Seven of these are irrelevant here. The eighth, relied on by Defendant, is "in cases where relief is at issue, especially at the preliminary injunction stage." Esch, 876 F.2d at 991, Def. Resp., 30-31, n.13. Plaintiff has not sought a preliminary injunction, and the relief sought here includes permanent injunctive relief, of various possible types, and bid and proposal costs.

Defendant, rather than proceeding in accordance with RCFC 7(b) and seeking the Court's permission to supplement, has raised its motion by footnote, included the supplemental material as an appendix in its Response, and has based one whole section of its Response on the statements included in the supplemental declaration. Supplementation of the administrative record is permitted only upon stipulation or court order. Bannum, Inc. v. United States, 404 F.3d 1346, 1355-56 (Fed. Cir. 2005) *citing* RCFC 56.1 since abrogated, *see also* CW Government Travel, Inc. v. United States, 61 Fed. Cl. 559, 571 (2004), Vantage Associates v. United States, 59 Fed. Cl. 1, 13 (2003).

The information with which Defendant seeks to supplement the record does not go to the decisions made by the agency in awarding the contract but is concerned with the possible harm to the government from injunctive relief. As noted in the Rules Committee Note accompanying RCFC 51.2:

> Cases filed in this court frequently turn only in part on action taken by an administrative agency. In such cases, the administrative record may provide a factual and procedural predicate for a portion of the court's decision, while other elements might be derived from a trial, an evidentiary hearing, or summary judgment or other judicial proceedings.

This case turns on whether NNSA's evaluation of Westech's proposal was arbitrary, capricious, an abuse of discretion, or not in accordance with the law and whether Westech was prejudiced by that evaluation. That information is available in the administrative record. The impact of an injunction on the parties cannot be determined from the Record. Such impacts should be derived from an evidentiary hearing with both parties able to present witnesses and cross-examine the opposing witnesses.

In addition, Ms. Bodin's declaration raises questions which need to be addressed through live testimony. Plaintiff notes that Ms. Bodin's declaration may be biased because, on information and belief, Ms. Bodin's spouse is an employee of awardee PAI Corporation. In addition, there are other matters in the declaration which raise questions about the harm which could be suffered by the Government from injunctive relief. For example, in ¶4, Ms. Bodin avers that "PAI assumed sole responsibility for all eight areas under the contract" after a three week transition period. Yet in ¶10, Ms. Bodin states that it took "approximately five months for PAI to accomplish" staffing all functions, completing the required worker safety health plan, finalizing operating permits and security plans, completing site-specific training requirements certifications, receiving 6000+ documents, and "operating at a fully satisfactory level." The

Solicitation allocated three weeks for transition, after which the contractor was to assume "responsibility for full performance." Administrative Record ("AR") 21.

Furthermore, Ms. Bodin does not adequately address the fact that this is a services contract. These services were previously performed by other contractors or government employees. Transitioning the performance of the services to another contractor, one who should have received the award initially, should result in no more than minor disruptions to the operations. Westech's transition plan was rated Significant Strength and could be accomplished without difficulty. AR 1943. Customarily, the new contractor hires many or most of the existing employees and the work can continue uninterrupted. The Solicitation here included a mandatory hiring preference for employees of the incumbent contractor. AR 35. There should be little disruption in transitioning from one contractor to another performing the same statement of work.

Plaintiff is not in a position to offer opposing declarations because Westech, as an outsider, does not have access to relevant information concerning the possible harm which might accrue to the Government if injunctive relief is granted. Therefore, it is critical that Westech be given a chance to question Ms. Bodin and any other witnesses concerning the Government's allegations and to present its own witnesses concerning transition of the contract and harm to Westech arising from the government's actions.

Plaintiff respectfully suggests that if the Court finds prejudicial error in NNSA's evaluation of Westech's proposal, that the Court then hold an evidentiary hearing to assess the actual harm which might be suffered by the parties and the public from an injunction terminating performance of the contract by PAI, and to consider other possible forms of equitable relief if necessary. Argencord Mach. & Equip., Inc. v.

United States, 68 Fed. Cl. 167, 172 (2005) *citing* PGBA, LLC v. United States, 389 F.3d 1219, 1228-20 (Fed. Cir. 2004) and RCFC 65(a)(2) ("In order to determine whether the requisites for injunctive relief are present, the court may also conduct an evidentiary hearing."), *see also* Protection Strategies, 76 Fed. Cl. at __ ("the court is permitted to obtain such outside evidence via live testimony.")

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to supplement the administrative record and strike the Declaration of Patricia M. Bodin and Section V of Defendant's Response.

Respectfully submitted,

/s/ Carolyn Callaway
Attorney for Westech International, Inc.
CAROLYN CALLAWAY, P.C.
P.O. Box 50099
Albuquerque, NM 87181-0099
(505) 291-9774
(505) 292-0144 – facsimile
ccwes@aol.com

Dated: July 2, 2007

CERIFICATE OF SERVICE

I hereby certify that on this 2d day of July, 2007, a copy of the foregoing

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
and
MOTION TO STRIKE DECLARATION AND SECTION V OF DEFENDANT'SMOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Carolyn Callaway
Attorney for Westech International, Inc.