**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| **WESTECH INTERNATIONAL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 07-186C** |
| **v.** | ) | **(Judge Sweeney)** |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DECLARATION AND SECTION V OF DEFENDANT'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

Defendant, the United States, replies to plaintiff's opposition to our motion to supplement the administrative record and responds to plaintiff's motion to strike the declaration of Patricia M. Bodin and section V of our response to plaintiff's motion for judgment on the administrative record. Because the declaration of Ms. Bodin is relevant to prove the harm to the Government and the public interest that would result from granting plaintiff's request for a permanent injunction, plaintiff's motion to strike should be denied and our motion to supplement the administrative record should be granted.[1]

In arguing that Ms. Bodin's declaration should be stricken, plaintiff, Westech International, Inc. ("Westech"), correctly states that the focal point of judicial review should be the administrative record and that supplementation should only occur in limited circumstances,

[1] Although we have generally referred to these materials as a supplement to the administrative record, much of this information more correctly should be considered as the record upon Westech's application for injunctive relief before this Court because it may not have been before the contracting officer at the time of the decision that is the subject of this protest. In any event, we presume Westech would object regardless of the manner in which these materials were introduced, thus necessitating this briefing.

notably "in cases where relief is at issue, especially the preliminary injunction stages." Pl. Mot. 2[2] (quoting Esch v. Yeutter, 876 F.2d 976 (D.C. Cir. 1989)). Westech then emphasizes that it has not sought a preliminary injunction, id., apparently interpreting Esch to stand for the proposition that supplementation is only appropriate at the preliminary injunction stage rather than when a permanent injunction is at issue. However, it is clear, even from Westech's quote, that Esch intended that supplementation may be appropriate "in cases where relief is at issue" and merely lists a preliminary injunction as a particularly salient example. Indeed, that passage of Esch offers little guidance to assist Westech since relief is always at issue.[3] In any event, the standard for a preliminary injunction and a permanent injunction are the same, except that rather than having to prove that it is likely to succeed upon the merits, the plaintiff must actually succeed upon the merits. PGBA, LLC v. United States, 389 F.3d 1219, 1228-29 (2004) (citation omitted). Therefore, it is equally important to allow supplementation in this case.[4]

---

[2] "Pl. Mot. __" refers to the page number of plaintiff's motion to strike filed with this Court on July 2, 2007.

[3] Also, in its brief, Westech notes that the other seven Esch factors are irrelevant to this protest, therefore, we need not even discuss whether Esch is relevant to allow supplementation of the administrative record because Westech has conceded that it is appropriate for this Court to create an evidentiary record for the limited purpose of determining whether injunctive relief is appropriate, if it determines that the agency committed prejudicial errors. Id. at 4-5.

[4] Westech's contention that the Government has failed to follow Rule 7(b) of the Rules of the Court of Federal Claims ("RCFC") is equally without merit. Westech merely asserts that the Government violated Rule 7(b), but does not state specifically how the Government violated the Rule. The motion was in writing, signed by Government attorneys, properly captioned and properly served electronically. See RCFC 5.1, 7(b). In any event, any defects in the motion were mooted by the Court's order of June 12, 2007 directing the Clerk to file the motion by leave. Furthermore, Westech's statement that supplementation is only permitted by stipulation or Court order is irrelevant because, by moving to supplement the administrative record, the Government was seeking a Court order supplementing the administrative record.

Additionally, if Westech is suggesting that Ms. Bodin's declaration should be stricken because it is biased, this Court should not follow Westech's suggestion. Pl. Mot. 3. Although Westech is correct that Ms. Bodin's husband recently accepted a job with PAI in April 2007, that fact does not make Ms. Bodin's testimony unreliable. Ms. Bodin testimony is still under oath, Bodin Decl. p. 5, and any question of bias should go towards the weight of the evidence, not its admissibility.

Regarding Westech's suggestion that there should be an evidentiary hearing <u>if</u> the Court finds that the agency committed prejudicial errors, we agree that the decision about whether to hold a hearing and whether to grant injunctive relief should be made after the Court decides the merits of the case. However, Westech's motion for judgment on the administrative record assumed, without argument, that Westech was entitled to injunctive relief if it could prove prejudicial errors. Pl. Br. 33.[5] Therefore, we found it necessary to indicate to the Court the harm the Government would suffer if Westech's request for injunctive relief were granted.

Although this issue need not be decided until after the Court decides the merits, the Court should not strike Ms. Bodin's declaration or section V of our response to Westech's motion for judgment on the administrative record. Whether the Court decides to hold an evidentiary hearing or not, this Court should allow the Government to supplement the record, or otherwise admit Ms. Bodin's declaration, and consider argument stemming from that declaration, as it did in the related case of <u>Protection Strategies, Inc. v. United States</u>, 76 Fed. Cl. 225, 232-33 (2007). <u>See</u> <u>also</u> <u>IDEA Int'l v. United States</u>, 74 Fed. Cl. 129, 137-38, 142 (2006) (allowing intervenor to

---

[5] "Pl. Br. __" refers to a page in the brief in support of Westech's motion for judgment on the administrative record filed with this Court on May 14, 2007.

supplement the administrative record with declarations to "fill in gaps" related to harm that would be suffered by military families if the Court granted a permanent injunction and denying injunctive relief upon the basis of the declarations, without live testimony).

For these reasons, we respectfully request the Court to grant our motion to supplement the administrative record and deny Westech's motion to strike.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

Attorneys for Defendant

OF COUNSEL:
Don W. Crockett
Office of General Counsel
U.S. Department Of Energy
1000 Independence Ave., SW
Washington, D.C. 20585

July 16, 2007

CERTIFICATE OF FILING

I hereby certify that on this 16th day of July, 2007, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DECLARATION AND SECTION V OF DEFENDANT'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William P. Rayel