# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# BID PROTEST

| | | |
|---|---|---|
| WESTECH INTERNATIONAL, INC., | ) | |
| Plaintiff | ) | |
| | ) | No. 07-186C (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DECLARATION AND SECTION V OF DEFENDANT'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Plaintiff moved this Court to strike Patricia Bodin's Declaration and Section V of Defendant's Response to Plaintiff's Motion for Judgment on the Administrative Record on July 2, 2007. Respondent filed its response to the motion to strike on July 16, 2007 ("Response to Motion to Strike.") Plaintiff now files its Reply.

Plaintiff and Respondent agree that "there should be an evidentiary hearing if the Court finds that the agency committed prejudicial errors." Response to Motion to Strike, 3. Nevertheless, Respondent asserts that the Court should allow the supplementation of the record and Section V of Respondent's brief of June 4, 2007, to stand. Respondent does not explain why the Court should allow this supplementation. Rather Respondent cites two cases, neither of which is apposite.

The first case relied on by Respondent is Protection Strategies, Inc. v. United States, 76 Fed. Cl. 225 (2007). In that case, Protection Strategies was seeking a preliminary injunction which would have meant, if granted, the suspension of work under the contract leaving the government without the contract services for some period of time. Here, Plaintiff seeks a permanent injunction, which, if granted, would allow the government to transition the work to another contractor with little or no interruption to services. Therefore, the balance of harms between a preliminary and a permanent injunction would be significantly different. In Protection Strategies, Ms. Bodin provided a declaration, but she also appeared at an evidentiary hearing. Protection Strategies, 76 Fed. Cl. at 232. The issue in that case was "bait and switch" or failure to provide the promised key personnel. By its very nature, "bait and switch" cannot be determined from the existing administrative record because the critical event – substituting personnel – occurs after award. *See* Orion International Technologies v. United States, 60 Fed. Cl. 338, 343 (2004 ("the record may be supplemented with . . . relevant information that by its very nature would not be found in an agency record . . . .") That is not the case here. Westech is not seeking a preliminary injunction and the allegations of errors in the procurement relate to the actions of the evaluators, not the awardee.

In the second case relied upon by Respondent, IDEA International, Inc. v. United States, 74 Fed. Cl. 129 (2006), the Court found significant errors in the procurement of services for a Remote Location Home School Program. Id. at 130. The procurement, was for only one year, had been performed by the awardee for six months, and would be the subject of a new procurement in the following year. Id. at 130-131. The Court

allowed the protestor and the intervenor to supplement the record with declarations "from outside the procuring agency" to assist the Court "in balancing the respective harms to IDEA, ICATT, and the parents and students enrolled in the program." Id. at 138. Having considered declarations about the impact on military families of making a change in home-schooling for the one-half of a year remaining, the Court decided not to order the contract to be terminated, but awarded bid and proposal costs to the protestor. Id. at 131. The Court noted that had there been option years, the Court would have required that the options not be exercised. Id. at 131, n. 4. IDEA International is quite different from the present case. Respondent seeks to supplement the record with the declaration of one of its own employees, not outsiders who might be affected by any change in contractor. Unlike the contract in IDEA International, this contract is for a three-year base plus two one-year options. AR 1903. Given the length of time remaining on the contract, if the Court finds prejudicial error there may well be significant justification for terminating the contract. Both parties agree that such a serious decision should be supported by an evidentiary hearing on the possible harm to both parties.

Respondent has failed to identify any reason why the supplement to the record and Section V of its June 4 brief should remain. Therefore, Plaintiff respectfully requests that the Court strike the Declaration of Patricia M. Bodin and Section V of Defendant's Response.

Respectfully submitted,

/s/ Carolyn Callaway
Attorney for Westech International, Inc.
CAROLYN CALLAWAY, P.C.
P.O. Box 50099
Albuquerque, NM 87181-0099
(505) 291-9774
(505) 292-0144 – facsimile
ccwes@aol.com

Dated: July 23, 2007

CERIFICATE OF SERVICE

I hereby certify that on this 23d day of July, 2007, a copy of the foregoing

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DECLARATION AND SECTION V OF DEFENDANT'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Carolyn Callaway
Attorney for Westech International, Inc.